**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MICHAEL T. LEWIS, SR. and**                                    **PLAINTIFFS**
**PAULINE S. LEWIS**

**v.**                                              **No. 4:24-cv-00076-MPM-JMV**

**ATMOS ENERGY CORPORATION**                                      **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Atmos Energy Corporation's ("Atmos Energy") Motion for Partial Summary Judgment [118]. Plaintiffs', Michael T. Lewis, Sr. and Pauline S. Lewis (collectively "the Lewises"), have responded in opposition to the motion [130]. The Court, having reviewed the record and applicable case law, is now prepared to rule.

**RELEVANT BACKGROUND**

Atmos Energy owns natural gas pipelines in Friars Point, Mississippi, one of which runs through farmland owned by the Lewises. This case arises from negotiations, contracts, and repairs following the Lewises' discovery of the gas pipeline (subsequently "the Pipeline") under the incorrect side of their property. The Lewises purchased the farmland in 1999, and they were aware of the Pipeline mentioned in a 1956 easement, as being located on the west side of McKee Road. The Pipeline runs for approximately 7,270 feet under the Lewises' land. On October 15, 2015, Atmos Energy acquired the Pipeline from Friars Point which included the existing easement for the Pipeline on the Lewises' property.

In 2023, the Lewises discovered the Pipeline emerging from the soil on the east side of McKee Road. As a result, they found that the Pipeline was unknowingly located underneath their farmland which they leased to Coldwater Planting Company. The Lewises contacted Atmos Energy about the misplaced pipeline and the parties entered into a settlement agreement. As per

the settlement agreement, Atmos Energy paid the Lewises for an easement and right-of-way to the Pipeline, a release for any claims they may have regarding the Pipeline's presence on the east side of their property, and the agreement required that Atmos Energy repair or replace the Pipeline located within the easement and "remove any exposed natural gas pipeline abandoned from any repair or replacement" so as not to interfere with their farming operations by April 1, 2024. [130] Ex. 5.

Atmos Energy performed the repair by replacing an over 1,200-foot segment of the Pipeline and abandoned-in-place the removed segment. The Lewises argue that by not removing the old pipeline and by allegedly not completing the work by April 1, 2024, that Atmos Energy breached the contract. Additionally, the Lewises subsequently discovered that approximately 60% of the Pipeline on their property was located outside of the tract of land outlined in the easement and that other sections of the Pipeline were exposed on their property interfering with farming operations despite Atmos Energy's contractual duty to repair or replace the Pipeline. The Lewises then sued Atmos Energy for breach of contract, fraudulent inducement, and a multitude of tort claims. Atmos Energy filed a counterclaim for prescriptive easement in response. Atmos Energy moves to dismiss most of the Lewises' claims against them.

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *See Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). At the summary judgment

2

stage, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1076.

## ANALYSIS

Atmos Energy's motion asserts that the Lewises' claims against them fail to raise a genuine dispute of material fact outside of the breach of contract claim pertaining to whether Atmos Energy performed the contracted work on or before April 1, 2024. As a result, the Court will analyze whether Atmos Energy is entitled to summary judgment for the Lewises' other claims.

### I.      Breach of Contract Claim

Atmos Energy asserts that the Lewises' breach of contract claim should be limited in its scope. They argue that the allegations claiming Atmos Energy breached the contract by leaving the abandoned pipe on the Lewises' property and by failing to remove and replace the entirety of the pipeline on the property should be dismissed as a matter of law. Atmos Energy claims that these allegations are subject to summary judgment because Atmos Energy's conduct to repair the Pipeline was within the parameters of the contract and does not constitute a breach, and that the only breach in dispute is the timing of their work rather than the work itself.

Under Mississippi law, to establish breach of contract, the plaintiff must show "(1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached it." *Maness v. K & A Enters. of Mississippi, LLC*, 250 So. 3d 402, 414 (Miss. 2018) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So.3d 1221, 1224 (Miss. 2012)). "A breach is material where there is 'a failure to perform a substantial part of the contract or one or more of its essential terms or conditions, or if there is such a breach as substantially defeats' the purpose of the contract." *Ferrara v. Walters*, 919 So. 2d 876, 886 (Miss. 2005) (quoting *Gulf S. Cap. Corp. v. Brown,* 183 So.2d 802, 805 (Miss. 1966)). Atmos Energy argues that the Lewises' breach of contract claim fails because the Right-of-Way and Easement expressly states that Atmos Energy has "the right to...abandon-in-place...one or more gas pipelines, service lateral and extensions thereto." [118] (citing [93] Ex. 9). Atmos Energy asserts that any abandonment of the Pipeline was within the scope of the right-of-way which is insufficient to establish a breach of contract.

The burden then shifts to the Lewises to show that the abandonment of the pipeline establishes a genuine dispute of material fact. The Lewises assert that Atmos Energy's abandonment of the old pipe is a breach because the way the pipe was abandoned interfered with the Lewises' use of the land for farming. They assert the abandoned pipeline was too exposed and still posed a danger for the farming operations on their property. The right-of-way agreement itself explicitly reserves the Lewises' right to conduct farming practices on the easement property and that all operations by Atmos Energy should be done to interfere minimally with the Lewises' "agricultural use of the Property" indicating that maintaining their farming operations was one of if not the main purpose of the contract for the Lewises. [130] Ex. 6.

The Lewises submitted Mr. Brennan Chapman's, the managing partner of Coldwater Planting Company, affidavit to support the allegation that Atmos Energy's abandonment and

4

failure to maintain the Pipeline interfered with their farming operations. [130] Ex. 4. Mr. Chapman states that their workers hit the abandoned pipeline, which was left about one inch below the surface, on April 21, 2025, after Atmos Energy's repair was supposedly complete, and the pipeline was in the way of their farming operations as they were unsure if the Pipeline was live and dangerous. [130] Ex. 4. While Atmos Energy may have been allowed to abandon segments of the Pipeline in place, the Lewises have submitted sufficient evidence that a genuine dispute exists as to whether the way Atmos Energy abandoned the Pipeline breached their contract because it interfered with the Lewises' farming operations in violation of their agreement. *See Ferrara*, 919 So. 2d at 886. The Lewises' breach of contract claim survives.

## II.      **Remaining Claims**

The breach of contract claim and Atmos Energy's counterclaims will proceed to trial. In cases where it is clear that a trial will be required, this Court's general practice is to reserve ruling on partial liability issues until the directed-verdict or jury-instruction stage, after the evidentiary record has been fully developed. *See Wright v. CoreCivic, Inc.*, No. 3:21-CV-00047-MPM-RP, 2022 WL 1217239, at *3 (N.D. Miss. Apr. 25, 2022). The Court will follow that practice here. The Court therefore reserves ruling on Atmos Energy's remaining requests for partial summary judgment, including on the matters of quiet title to relief; tortious breach of contract; trespass; tortious interference with contract; nuisance; negligence and negligence per se; fraud in the inducement; negligent misrepresentation; punitive damages and attorney fees.

While the Court will reserve a formal ruling on the issue for trial, it will note that Atmos Energy's liability for the torts alleged by the Lewises turns on the existence of fraud, misrepresentation, or mutual mistake in obtaining the release agreement. Under Mississippi law, evidence of fraud, misrepresentation or mutual mistake may be used to invalidate a release

agreement. *Whitaker v. T & M Foods, Ltd.*, 7 So. 3d 893, 899 (Miss. 2009). Subsequently, if insufficient evidence is established to invalidate the release agreement, then the Lewises' tort claims must fail.

<strong>CONCLUSION</strong>

**ACCORDINGLY**, Atmos Energy's Motion for Partial Summary Judgment [118] is **DENIED** as to summary judgment on the breach of contract claims and **RESERVED** as to the remaining partial summary judgment claims.

**SO ORDERED** this 27th day of March, 2026.

                    /s/Michael P. Mills
                    UNITED STATES DISTRICT JUDGE
                    NORTHERN DISTRICT OF MISSISSIPPI