**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL T. LEWIS, SR. and
PAULINE S. LEWIS** **P L A I NTIFFS**

**v.** **No. 4:24-cv-00076-MPM-JMV**

**ATMOS ENERGY CORPORATION** **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiffs Michael and Pauline Lewises' (collectively "The Lewises") Motion for Partial Summary Judgment [161]. Defendant, Atmos Energy Corporation, ("Atmos Energy") has responded in opposition to the motion [176], to which the Lewises filed a Rebuttal [178]. The Court has considered the parties' submissions, as well as relevant case law and evidence and is now prepared to rule.

## I. FACTUAL BACKGROUND

Atmos Energy owns a natural gas pipeline in Coahoma County, Mississippi, which runs through farmland owned by the Lewises. The Lewises purchased the farmland in 1999 and were aware of a natural gas pipeline, described in a 1956 easement as being located on the West side of McKee Road. On October 15, 2015, Atmos Energy acquired the pipeline from the town of Friars Point, which included the existing easement that runs through the Lewises' property. In 2023, the Lewises discovered the pipeline emerging from the soil on the East side of McKee Road and consequently learned the pipeline was in fact located underneath the farmland which they had leased to Coldwater Planting Company. The Lewises contacted Atmos Energy about the misplaced pipeline and the parties entered into a settlement agreement in which the Lewises granted Atmos Energy an easement in exchange for the Lewises releasing Atmos Energy from all claims related to the presence of the pipeline on their property. The easement is a 20-feet-wide strip of land

running parallel to the East side of McKee Road as it traverses the Lewises property. The Lewises refer to this strip as the "Mediated Easement."

Separating the Mediated Easement from McKee Road is a second 20-feet-wide swath of the Lewises land, which Atmos Energy terms the "public right-of-way." The Lewises subsequently discovered, and both parties agree, that approximately 60% of the pipeline on the Lewises' property lays outside the tract described in the Mediated Easement and runs through the "public right-of-way." Upon learning these facts, and despite the release agreement, the Lewises sued Atmos Energy for breach of contract, fraudulent inducement, and a number of tort claims. Atmos Energy maintains that though portions of the pipeline lay outside the Mediated Easement, it is authorized to be there because it is within the "public right-of-way" of Mckee Road. Apparently, all of the pipeline lies either within the "Mediated Easement" or the "public right-of-way." Accordingly, Atmos Energy asserted a counterclaim for declaratory judgment and further alleges that they hold a prescriptive easement over the actual course of the pipeline.

## II. DISCUSSION

The Lewises now move for partial summary judgment on the following two issues: (1) Atmos Energy's liability for trespass on the Lewises' portion of land referred to as the "public right-of way," and (2) Atmos Energy's counterclaim asserting acquisition of an easement by prescription.

### A. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return fact is "material" if its resolution in favor of one party may affect the outcome of the case. *See Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Hamilton v.*

*Segue Software Inc*., 232 F.3d 473, 477 (5th Cir. 2000)). At the summary judgment stage, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods*., 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist*., 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1076.

**B. Atmos Energy's Liability for Trespass on the "Public Right-of-Way"**

The Lewises carry the initial burden of proving there is no genuine dispute of material fact that Atmos Energy is trespassing through the "public right-of-way." They contend that Atmos Energy misrelies on Miss. Code Ann. § 11-27-47 to justify the pipeline veering off the Mediated Easement.

Atmos Energy argues that Miss. Code Ann. § 11-27-47 authorizes the pipeline's placement within the area the parties refer to as the "public right-of-way." Miss. Code Ann § 11-27-47 does grant pipeline companies authority to construct pipelines "along or across highways" and other public lands. However, this statutory authority does not permit a utility company to run a pipeline beneath or within a public road's right-of-way without first obtaining that right through a conveyance or eminent domain proceeding. The statute is not a self-executing license allowing a pipeline company to piggyback its infrastructure along a public roadway simply because the road itself is public. Atmos Energy has identified no conveyance or condemnation proceeding

establishing its right to occupy this strip. Absent such authority, § 11-27-47 provides no defense to common law trespass. Accordingly, it is undisputed that approximately 60% of the pipeline lies outside the boundaries described in the Mediated Easement. Atmos Energy has failed to identify any record evidence establishing a proper acquisition of rights to the disputed strip.

Therefore, no genuine dispute of material fact remains as to the issue of statutory authorization, and the Lewises are entitled to judgment as a matter of law on the issue of liability.

**C. Atmos Energy's Prescriptive Easement Counterclaim**

The Court is reminded of a story once recounted in Oxford by former Ole Miss law professor Walter Dellinger who referred to an account of Abraham Lincoln's genius as a trial attorney. Lincoln was beloved by trial judges for his ability to sift through the chaff and identify the critical facts truly determinative of his case. Particularly, Lincoln was remembered for conceding facts when they were not essential to his case or when they were not determinative of the ultimate issue. More importantly, he would state to the tribunal that even if the other facts were found against him, if he could prove that the pig was stuck under the railing, then his side must prevail. In other words, Lincoln knew which fact or point of law was critical to his case.

Here, argument about nonessential facts and points of law only cloud the issues and distract from the more relevant points. Constant bickering on nonessential facts may generate heat but rarely produces light. The parties' submissions invest much paper and ink arguing the proper construction of Miss. Code Ann. § 11-27-47 and its application to the strip of land the parties refer to as the "public right-of- way," yet they fail to see the pig stuck under the rail. The counterclaim for a prescriptive easement is the significant issue in this case. If Atmos Energy can establish a prescriptive easement over the pipeline's actual course, that easement would authorize the pipeline's continued presence notwithstanding the Court's trespass finding. Given the significance

of this issue, the Court declines to resolve the prescriptive easement counterclaim on the present record and defers ruling on the Lewises' motion as to that issue pending supplemental briefing.

## CONCLUSION

For the reasons stated above,

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Partial Summary Judgment [161], is GRANTED in part and DEFERRED in part. The Motion is GRANTED as to the Defendant's liability for common-law trespass on the portion of the pipeline located outside the Mediated Easement. The Court DEFERS ruling on Defendant's counterclaim for a prescriptive easement.

Accordingly, it is further ORDERED that:

1. On or before ten (10) days from the date of this Order, the Lewises shall renew their Motion for Summary Judgment as to Atmos Energy's prescriptive easement counterclaim, supported by a memorandum not to exceed twenty-five (25) pages and citation to specific record evidence demonstrating the absence of a genuine dispute of material fact as to any element of prescriptive easement under Mississippi law.
2. On or before ten (10) days after the Lewises' renewed motion is filed, Atmos Energy shall file a response, not to exceed twenty-five (25) pages, supported by citation to specific record evidence, not argument alone, creating a genuine dispute of material fact as to each element of prescriptive easement.
3. On or before seven (7) days after Atmos Energy's response is filed, the Lewises may file a reply, not to exceed ten (10) pages.

SO ORDERED, this the 14th day of September, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI